**\*NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| MACK JONES, | : | |
| | : | Civil Action No. 14-3474 (JEI) |
| Petitioner, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Respondent. | : | |
| | : | |

**IRENAS**, Senior District Judge:

Presently before the Court is Petitioner Mack Jones' motion to reconsider, alter, or amend this Court's October 27, 2014, Order brought pursuant to Fed. R. Civ. P. 59(e).  (ECF No. 4). For the following reasons, this Court will deny the motion.

## I.  BACKGROUND

On or about July 26, 2012, Petitioner filed his first motion to vacate his sentence under 28 U.S.C. § 2255.  (Civil Action No. 12-4673 at ECF No. 1).  This Court notified Petitioner of his rights pursuant to *United States v. Miller*, 197 F.3d 644 (3d Cir. 1999), on August 21, 2012. Although he did not initially respond to that order within the time frame provided, Petitioner ultimately informed this Court that he wished to have his motion ruled upon as filed as his single all-inclusive § 2255 motion.  (Civil Action No. 12-4673 at ECF No. 5, 6, 7).  This Court acted accordingly, and thereafter denied that motion by way of a written opinion and order issued on

May 20, 2014.   (Civil Action No. 12-4673 at ECF No. 13, 14).[1]

After this Court's decision denying Petitioner's § 2255 motion, Petitioner filed a second motion on June 2, 2014, which he captioned a "motion to have heard new substantive rule per the court's discretion" brought "under the doctrines of habeas corpus."   (ECF No. 1 at 1).   The Government responded to that motion by way of a letter dated June 20, 2014.   (ECF No. 2).   In that letter, the Government noted that the motion was effectively a second or successive § 2255 motion.[2]   (ECF No. 2).   This Court agreed with the Government's characterization of the motion, and therefore dismissed this action on October 27, 2014, as a second or successive § 2255 motion brought without leave.   *See* 28 U.S.C. § 2255(h).   (ECF No. 3).   Petitioner thereafter filed the instant motion to alter or amend this Court's Order.

## II.   DISCUSSION

### A.   Legal Standard

The scope of a motion to alter or amend under Rule 59(e) is extremely limited.   *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011).   Such motions may not be used as an opportunity to

---

[1]  Petitioner later filed a Rule 59(e) motion in that case, which this Court ultimately denied. (Civil Action No. 12-4673 at ECF No. 15, 23, 24).   Petitioner also filed an appeal in that matter, which the Court of Appeals rejected by denying Petitioner a certificate of appealability.   (Civil Action No. 12-4673 at ECF No. 25, 26).

[2]  Petitioner argues in his motion that the Government's letter did not address his second § 2255 motion.   The letter to which Petitioner refers, and the letter he attaches to his motion, however, is not the letter this Court received on June 23, 2014 which is docketed at ECF No. 2, and is not the letter this Court referenced in its order dismissing this matter.   (ECF No. 3).   Petitioner instead refers to a separate letter, dated June 24, 2014, which was written in reference to Petitioner's Rule 59(e) motion in his Civil Action No. 12-4673.   (*See* Document 1 attached to ECF No. 4).   The letter docketed at ECF No. 2 clearly refers to Petitioner's current motion, and is the letter to which this Court referred in its October 27, 2014, order.   (ECF No. 2, 3).

relitigate a petitioner's case, but rather may be used "only to correct manifest errors of law or fact or to present newly discovered evidence." *Id.* "'Accordingly, a judgment may be altered or amended [only] if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [decided a motion for summary judgment], or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.'" *Id.* (quoting *Howard Hess Dental Labs., Inc. v. Dentsply Int'l Inc.*, 602 F.2d 237, 251 (3d Cir. 2010)).

**B.  Analysis**

In his brief, Petitioner argues that his second § 2255 motion should not have been dismissed because he has presented several grounds under which he believes equitable tolling or a similar exception to the procedural default bar would be applicable to his case.  Petitioner, however, misunderstands the nature of this Court's dismissal of his claim, which was dismissed not on timeliness or procedural default grounds, but because it was a second or successive § 2255 motion. Under the habeas statute, a second or successive motion may not be filed in this Court unless it has been "certified as provided in section 2244 by a panel of the appropriate court of appeals to contain . . . newly discovered evidence . . . or . . . a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."  28 U.S.C. § 2255(h)(1)-(2).   "A petitioner's failure to seek such an authorization from an appropriate appellate court before filing a second or successive [motion] acts as a jurisdictional bar." *Blystone*, 664 F.3d at 412; *see also* 28 U.S.C. § 2244(b)(3)(A); *Gonzalez v. United States*, Civil Action NO. 15-2080, 2015 WL 1530676, at *2-3 (D.N.J. Apr. 2, 2015).  Because Petitioner has

3

not sought and received the necessary authorization from the Third Circuit, this Court lacks jurisdiction to hear this second § 2255 motion.   As such, Plaintiff's arguments regarding procedural bars, which have no bearing on the successive nature of his motion or this Court's lack of jurisdiction to hear that motion, provide no basis for this Court to alter or amend its original order.   Petitioner's Rule 59(e) motion will therefore be denied.


## III. CONCLUSION

For the reasons stated above, Petitioner's motion to reconsider, alter, or amend the Court's judgment is **DENIED**.   An appropriate order accompanies this Opinion.


Dated: July 9, 2015

__s/ Joseph E. Irenas_____
Hon. Joseph E. Irenas
Senior U.S.D.J.

4